IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

AIX SPECIALTY INSURANCE     *
COMPANY,
                            *
    Plaintiff,
                            *
vs.
                            *   CASE NO. 4:18-CV-24 (CDL)
SAMUEL G. COOKE AMERICAN LEGION
POST 267, INC. and JELICKA  *
LESTER, *as administrator of the*
Estate of Cecelia Richerson*,   *

    Defendants.             *

O R D E R

AIX Specialty Insurance Company ("AIX") seeks a declaration that it has no contractual duty to defend or indemnify its insured, Samuel G. Cooke American Legion Post #267, Inc. ("Post #267"), for claims Cecilia Richerson made against Post #267.[1] Defendants did not respond to the summary judgment motion. As discussed below, the motion (ECF No. 15) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment,

---

[1] Richerson has died, and the administrator of her estate was substituted as a Defendant in this action.

the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Under the Court's local rules, a party moving for summary judgment must attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried." M.D. Ga. R. 56. Those facts must be supported by the record. The respondent to a summary judgment motion must respond "to each of the movant's numbered material facts." *Id.* "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id.*

AIX submitted a statement of undisputed material facts with its summary judgment motion. None of the Defendants responded to the summary judgment motion or to AIX's statement of material facts. Therefore, AIX's statement of material facts is deemed admitted pursuant to Local Rule 56. The Court reviewed AIX's citations to the record to "determine if there is, indeed, no

2

genuine issue of material fact." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (quoting *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004)).

FACTUAL BACKGROUND

AIX's citations to the record reveal the following facts. AIX issued a liability insurance policy to Post #267. On October 18, 2014, Richerson attended an event at Post #267 as the guest of a member. As she exited the event, Richerson fell and fractured her ankle. In May 2015, Richerson's lawyer submitted a claim to AIX.[2] AIX investigated Richerson's claim and determined there was no evidence of the hazardous condition that Richerson said existed and that there was evidence that Richerson was comparatively negligent. Based on those determinations, AIX decided to deny Richerson's claim and notified her lawyer of the decision on January 29, 2016.

On September 26, 2016, Richerson filed a negligence action against Post #267 in the State Court of Muscogee County. She served Post #267 the next day. Post #267 did not answer or otherwise respond to the complaint, and the state court entered a default against Post #267 on January 9, 2017. The state court judge scheduled a hearing on damages, and Post #267 was given

---

[2] There is no evidence or allegation that Richerson submitted a settlement demand to AIX.

3

notice of the hearing. After the damages hearing, the state court entered a final judgment against Post #267 on July 10, 2017 for $150,215.00.

On November 3, 2017, Richerson's attorney sent AIX a letter seeking payment of the judgment. This letter was AIX's first notice of Richerson's lawsuit against Post #267; AIX did not receive notice of the lawsuit from Post #267. After AIX received the letter from Richerson's attorney, AIX contacted Post #267's registered agent, who confirmed that she received Richerson's summons and complaint on September 27, 2016.

The liability policy states that the insured "must see to it that [AIX] receive[s] written notice of [a] 'suit' as soon as practicable" and that the insured must "[i]mmediately send [AIX] copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'" Fitzgerald Aff. Ex. 1, AIX Policy 47, ECF No. 15-2 at 86. The liability policy further states that no person may sue AIX on the policy "unless all of its terms have been fully complied with." *Id.*

## DISCUSSION

"If an insured unreasonably fails to comply with applicable notice provisions in a timely manner, the insurer is not obligated to provide either a defense or coverage." *OneBeacon Am. Ins. Co. v. Catholic Diocese of Savannah*, 477 F. App'x 665, 670, 672 (11th Cir. 2012) (per curiam) (citing *Kay-Lex Co. v.*

*Essex Ins. Co.*, 649 S.E.2d 602, 606 (Ga. Ct. App. 2007)) (concluding that the insured was not entitled to coverage as a matter of law because of an unjustified 21-month delay in notifying its insurer of a lawsuit); *accord Advocate Networks, LLC v. Hartford Fire Ins. Co.*, 674 S.E.2d 617, 619 (Ga. Ct. App. 2009) (affirming summary judgment in favor of insurer where the policy required insureds to send legal papers to the insurer "immediately" and the insured did not send the legal papers until four months after it received them); *Burkett v. Liberty Mut. Fire Ins. Co.*, 629 S.E.2d 558, 560 (Ga. Ct. App. 2006) (affirming summary judgment in favor of insurer where the insured did not provide his insurer with legal papers until more than a year after he received them); *Berryhill v. State Farm Fire & Cas. Co.*, 329 S.E.2d 189, 191 (Ga. Ct. App. 1985) (affirming summary judgment in favor of insurer where the insurer did not receive notice of a lawsuit until after a default judgment had been taken).

Under the unambiguous policy language in this case, Post #267 had an obligation to provide AIX with notice of Richerson's lawsuit as soon as practicable and to send "immediately" all legal papers that Post #267 received in connection with the lawsuit. Post #267 failed to fulfill the liability policy's conditions precedent to coverage because it did not send any legal papers to AIX—immediately or otherwise. Consequently, AIX

5

is entitled to a declaration that it has no contractual duty to defend or indemnify Post #267 for Richerson's claims, and Post #267's breach of contract counterclaim fails as a matter of law.

CONCLUSION

For the reasons set forth above, AIX's summary judgment motion (ECF No. 15) is granted.

IT IS SO ORDERED, this 18th day of June, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA